**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PETER CONNORS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:14-0913** |
| **v.** | : | **(JUDGE MANNION)** |
| **EMPIRE OFFICE, INC. a/k/a EMPIRE OFFICE EQUIP., INC.,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is the plaintiff's motion for attorney's fees and costs incurred in this employment discrimination action after plaintiff accepted defendant's Offer of Judgment. (Doc. 33). The court finds that the plaintiff was the prevailing party and he met his prima facie burden of demonstrating that the requested hourly rates for attorney's fees were reasonable in light of prevailing market rates in the relevant legal community. The court finds that the numbers of hours expended by plaintiff's counsel on this case were reasonable. However, the lodestar will be reduced to reflect plaintiff's limited success in this case. The court also finds that the plaintiff is entitled to an award of costs in the amount sought. Therefore, the motion will be **GRANTED IN PART**.

## I. BACKGROUND

The plaintiff, Peter Connors, filed his complaint on May 12, 2014,

against his former employer Empire Office, Inc. (hereinafter "Empire"). (Doc. 1). The complaint alleged that Empire unlawfully retaliated against him for his complaints of sexual harassment and discrimination, resulting in his termination of employment. Specifically, plaintiff brought claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., for gender discrimination, sexual harassment and hostile work environment, and retaliation. The plaintiff also asserted state law claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.s. §955, et seq., which mirrored his federal claims. As relief, plaintiff sought money damages as well as attorney's fees and costs. Empire filed its answer to the complaint with affirmative defenses on July 14, 2014. (Doc. 9). Discovery then ensued and Empire's counsel changed during this process.

On June 24, 2015, plaintiff accepted Empire's Offer of Judgment for $25,000 pursuant to Fed.R.Civ.P. 68, which was dated June 12, 2015. (Doc. 31). The offer was "inclusive of all claims of whatever nature, for all damages, including but not limited to alleged discrimination, harassment, retaliation, unpaid wages, consequential, compensatory, emotional and punitive damages, benefits and pre-judgment interest." (Doc. 31-1). On June 25, 2015, the clerk of court entered judgment in favor of plaintiff and against Empire in the amount of $25,000 as well as costs and reasonable attorney's fees. (Doc. 32).

On July 7, 2015, plaintiff filed a motion for attorney's fees and costs with exhibits, (Doc. 33), and filed his brief in support on July 9, 2015, (Doc. 34). After being granted an extension of time, Empire filed its brief in opposition to plaintiff's motion with exhibits. (Doc. 37). Plaintiff filed his reply brief on August 13, 2015, with additional exhibits. (Doc. 38).

## II. DISCUSSION

Plaintiff's motion seeks a total award from Empire in the amount of $60,794.90 ($59,685.50 for attorney's fees and $1,109.40 for costs) to compensate him for expenditures related to this case. Plaintiff also reserves his right to request additional fees and costs if they are incurred with respect to the instant motion. Empire opposes plaintiff's motion contending that plaintiff only had a limited success in his action and that the lodestar should be significantly reduced to reflect his lack of success. Empire seeks the court reduce plaintiff's attorney's fees by $43,224.00 and his costs by $993.37 for a total of attorney's fees and costs in the amount of $16,577.53.

There is no dispute that plaintiff is the prevailing party in this Title VII and PHRA action and that he is entitled to reasonable attorney's fees and costs. See Watcher v. Pottsville Area Emergency Medical Service, Inc., 559 F.Supp.2d 516 (M.D.Pa. 2008) (court held that plaintiff was entitled to reasonable attorney's fees and costs after she successfully proved at trial that defendant unlawfully discriminated against her in violation of the ADEA and

PHRA) (citing Farrar v. Hobby, 506 U.S. 103, 109, 113 S.Ct. 566 (1992) ("a plaintiff is considered a prevailing party for attorney's fees purposes if she succeeds 'on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit.'"). Also, the Offer of Judgment entered in this case included costs and reasonable attorney's fees. As such, the court will grant plaintiff's motion and will award plaintiff attorney's fees and costs after determining the appropriate amounts.

**A. Hourly Rates**

"The starting point for a determination of attorney's fees, the lodestar calculation, is the product of: [1] the number of hours reasonably expended ... [2] times an hourly fee based on the prevailing market rate." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); see also Maldonado v. Houstoun, 256 F.3d 181, 184 ( 3d Cir. 2001); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). "The Court should consider the experience and skill of the prevailing party's attorney, and compare the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Watcher, 559 F.Supp.2d at 521 (citing Maldonado, 256 F.3d at 184).

The burden of demonstrating the reasonableness of both the hours expended and hourly rates falls on the party seeking attorney's fees. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 (3d Cir. 2005)

(citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). Additionally, when "the plaintiff has met his prima facie burden under the community market rate lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward." Watcher, 559 F.Supp.2d at 521 (quoting Ridley v. Costco Wholesale Corp., 217 Fed.Appx. 130, 139 (3d Cir. 2007)).

Empire does not challenge the hourly rate for plaintiff's counsel. Rather, it challenges portions of counsel's time as excessive, redundant and unnecessary, and it challenges the fees sought based on the alleged limited success of plaintiff. Plaintiff contends that the usual billing rates of both Attorney Greco and Attorney Menichini are reasonable and are comparable to the prevailing market rates in the Scranton/Wilkes-Barre area. Specifically, the usual billing rate for Greco, who has in excess of 35 years experience, was $215 per hour from October 2012 to September 2013, and $250 per hour from September 2013 to March 2015. From March 2015 to the present, Greco's hourly billing rate is $275. Menichini, who has 8 years of experience, had a usual billing rate of $185 per hour from October 2012 to September 2013, and $195 per hour from September 2013 to March 2015. From March 2015 to the present, her hourly rate is $215. Plaintiff has also submitted the affidavit of attorney James A. Doherty, Jr., Esq., who has handled a number of civil rights cases in federal court, and he avers that the rates charged by

both Greco and Menichini are reasonable and within the prevailing market rates in this community for attorneys with similar experience and skill in handling similar matters. Additionally, as plaintiff points out, the hourly rates of his counsel are comparable with rates awarded by several other courts in this district for attorneys in similar cases with similar experience. (Doc. 34, at 14-15).

Based on the plaintiff's contentions and submission, the court finds that plaintiff has met his prima facie burden of demonstrating that the requested hourly rates are reasonable in light of the prevailing market rates in the relevant legal community.

**B. Reasonableness of Hours Expended**

The court must next "determine whether the number of hours spent on the litigation was reasonable." Watcher, 559 F.Supp.2d at 522. "The Court 'should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are' 'excessive, redundant, or otherwise unnecessary.'" Id., at 522-23 (quoting Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995))."Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983) (citation omitted).

Moreover, the party requesting fees must submit "fairly definite information as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center, 501 F.3d 283, 291 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)). It is not required to know "the precise activity to which each hour was devoted" nor is it required that "records be kept by task—e.g., for each motion, issue or part of the case." Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1037-38 (3d Cir. 1996) (citation omitted).

The court in Watcher, 559 F.Supp.2d at 523, then stated:

> Once Plaintiff has met this initial burden, "[t]he party opposing the fee award then has the burden to challenge the reasonableness of the requested fee, by affidavit or brief with sufficient specificity to give the fee applicant notice of the objection." E.E.O.C. v. Fed. Express Corp., 537 F.Supp.2d 700, 720–21 (M.D.Pa. 2005). "Once the adverse party raised objections to the fee request, the district court has considerable discretion to adjust the award in light of those objections." Id.

Plaintiff states that in applying the hourly rates of both Greco and Menichini set forth above, the lodestar calculation for the alleged 295.8 hours of services performed by his attorneys is $59,685.50. As both parties recognize, when calculating the number of hours reasonably expended and the reasonable hourly rate, the court may consider 12 factors identified by the Court in Hensley, 461 U.S. at 430 n. 3, namely:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Based on these factors, the parties disagree on whether plaintiff's lodestar calculation stated above is reasonable and whether it should be adjusted downward.

Initially, plaintiff states that there is a written contingency fee agreement between himself and his counsel, which provides that any amounts recovered for attorney's fees be credited to the amount of the contingency fee otherwise payable by plaintiff. This factor certainly weighs in favor of plaintiff.

No doubt that the task of plaintiff's counsel was more arduous and their professional relationship with plaintiff was longer since they were required to expend time commencing in October 2012 on exhausting plaintiff's administrative remedies as required by Title VII before filing an action in federal court.[1] The Supreme Court has found that Title VII allows for the award of attorney's fees incurred during pre-litigation administrative

[1]Plaintiff must exhaust his administrative remedies before he can file a Title VII action and an action under the PHRA in federal court. See McIntyre v. City of Wilmington, 360 Fed. Appx. 355, 356 (3d Cir. 2010)(citation omitted); Kern v. Schuylkill Inter. Unit 29, 2010 WL 235107, *3 (M.D.Pa. 2010).

proceedings. "The Supreme Court has construed the phrase 'action or proceeding' under Title VII to provide for fee awards for administrative proceedings which are not court actions." Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 313 (3d Cir. 2008) (citing N.Y. Gaslight Club, Inc. v. Carey, 447 U.S. 54, 61, 100 S.Ct. 2024 (1980)); Peterson v. Continental Cas. Co., 282 F.2d 112, 121 (3d Cir. 2002) ("In *New York Gaslight Club* [] the Court found that Title VII [] allows the recovery of costs [and fees for legal work] incurred prior to suit being brought in a court of law.").

The complexity of this case as well as its undesirability also weighs in plaintiff's favor since he is a Caucasian male and raised reverse gender discrimination claims. Also, the billing records of plaintiff's counsel show that plaintiff's case was handled primarily by Atty. Menichini and she was supervised by Greco. Indeed, while Greco spent only 16.9 hours over the course of this litigation, Menichini billed for 278.9 hours. Empire contests some of the hours spent by plaintiff's counsel on this case, but has failed to demonstrate that these charges are excessive or unnecessary. Since Empire has not sufficiently shown that the charges are excessive or unnecessary, the court finds no reason to conduct a line-by-line review of each charge as Empire suggests. See Rode, 892 F.2d at 1190 ("it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted") (citation omitted). The court also agrees with plaintiff's counsel that their time entries are sufficiently specific, and detail the work performed,

the date of the work performed, the time spent on the work as well as the attorney who performed it. Thus, the court finds that the total amount of time expended by plaintiff's counsel on this case was reasonable especially considering the procedural history, including the administrative proceedings, as well as the fact that Empire's counsel changed requiring plaintiff's counsel to update new counsel on the case.

Plaintiff is also entitled to recover reasonable attorney's fees expended in litigating his fee petition. See Planned Parenthood of Cent. N.J. v. Attorney Gen. of State of N.J., 297 F.3d 253, 268 (3d Cir. 2002). However, "[w]here a court finds that the number of hours charged [for preparing a fee petition] are excessive, the court may reduce the number of hours claimed to reflect a reasonable amount of time." Watcher, 559 F.Supp.2d at 526 (citation omitted). Plaintiff seeks reimbursement for 11.2 hours spent by his counsel to prepare the instant motion.[2] (Doc. 33-7). The court finds that this amount of time was reasonable. See Watcher, 559 F.Supp.2d at 526 (court found that 33 hours spent on fee petition in employment discrimination case was reasonable and necessary).

Empire mainly objects to plaintiff's request for attorney's fees of $59,685.50 based on the factor focusing on the amount involved and the results obtained.

---

[2]Plaintiff's counsel did not request additional attorney's fees for the time spent on plaintiff's reply brief. (Doc. 38). As such, counsel has waived any right reserved to request additional fees at a later time.

### C. Apportionment by Extent of Success

The amount of attorney's fees "must be determined on the facts of each case." Hensley, 461 U.S. at 430. Of the 12 above factors noted by the *Hensley* Court, it emphasized one factor, namely, "the amount involved and the results obtained." Id. Thus, the attorney's fee awarded must be reasonable in light of the degree of success which the plaintiff achieved. Farrar, 506 U.S. at 113 (quotation omitted). In Hensley, 461 U.S. at 440, the Court stated that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." See also Washington v. Phila. Ct. of Common Pleas, 89 F.3d 1031, 1043 (3d Cir. 1996).[3]

The lodestar amount can be downwardly adjusted if the plaintiff was only partially successful in the underlying litigation. This will ensure that attorney's fees are awarded only to the extent that the plaintiff was successful. The Court can make the reduction in the lodestar by simply reducing the attorney's fee award to account for the limited success. Hensley, 461 U.S. at 436-37.

The parties disagree on whether a downward adjustment of the lodestar is warranted based upon plaintiff's limited success since he accepted Empire's Offer of Judgment in the amount of $25,000. Empire argues that "the

---

[3]In Hensley, 461 U.S. at 436, the Court held that "the most critical factor" in the determination of a reasonable attorney's fee is "the degree of success obtained."

amount involved and the results obtained" in this case require a reduction in plaintiff's fee request since "plaintiff could have received the identical $25,000.00 settlement sum he accepted in June 2015 when it was first offered in April 2014." (Doc. 37, at 11, 14). While Empire is correct, it must be noted that the Offer and Judgment was for $25,000 plus reasonable attorney's fees and costs, and that plaintiff's counsel had to expend time to exhaust plaintiff's administrative remedies before filing this case in federal court. Also, plaintiff's counsel points out that the ill health of plaintiff at the present time played a role in his decision to accept the Offer of Judgment. (See Doc. 38-5). Plaintiff's counsel also correctly notes that plaintiff was successful in this case since he did secure a judgment against Empire which is a public record. Nonetheless, the court finds that a moderate downward adjustment is required to more appropriately apportion the fees to the limited success plaintiff undisputedly obtained.

Although the court has found that plaintiff has met his burden of showing that the numbers of hours expended by his counsel in their fee petition is reasonable and that their hourly rates are reasonable, the court can still adjust the lodestar. "Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. The product of this calculation 'is a presumptively reasonable fee, but it may still require subsequent adjustment.'" Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008) (internal

citations omitted). Moreover, the trial court, in applying the proper legal standard, has discretion in determining the fees awarded. Hensley, 461 U.S. at 437.

When adjusting the initial lodestar figure, the court addresses two questions. Watcher, 559 F.Supp.2d at 526 (citing Hensley, 461 U.S. at 434). "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?" Hensley, 461 U.S. at 434. In a situation as in the present case where plaintiff accepted Empire's Offer of Judgment, this question does not apply. "When 'much of counsel's time [is] devoted generally to the litigation as a whole' and it is 'difficult to divide the hours expended on a claim-by-claim basis,' the court must proceed to the second question: 'did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" Watcher, 559 F.Supp.2d at 527 (citing Hensley, 461 U.S. at 434-35). "When a plaintiff 'has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'" Id. (citing Hensley, 461 U.S. at 436). This adjustment is within the discretion of the district court and "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. (quoting Hensley, 461 U.S. at 436-37). The court in its discretion exercised based on the holdings in *Hensley* will simply reduce the award of attorney's fees to account for the

limited success of plaintiff as opposed to eliminating specific hours.

Based on the record of this case, the court will exercise its discretion under *Hensely* and reduce the lodestar by $9,685.50 (about a 16% reduction) to reflect the plaintiff's limited success on his employment discrimination claims. This will reduce the total amount of attorney's fees to $50,000.00. The court has taken into consideration the fact that plaintiff did have a certain level of success by obtaining a judgment against Empire in a very difficult case as well as plaintiff's desire to resolve this matter due to his ongoing medical issues.

**D. Costs Requested by Plaintiff**

Plaintiff also seeks an award of $1,109.40 in costs. Empire seeks to reduce plaintiff's costs by $993.37 arguing that any costs expended after April 2014 were unnecessary. Plaintiff's counsel states that since plaintiff received Social Security Disability Insurance benefits, Empire's counsel requested medical information regarding plaintiff's ability to work and information regarding his receipt of the benefits. This required plaintiff's counsel to obtain numerous records from plaintiff's medical providers and from the Social Security Administration, resulting in fees in the amount of $390 to retrieve and copy relevant records. The court finds that these fees are properly taxed as costs in this litigation. The court also finds that plaintiff's counsel has thoroughly identified the costs expended in this case which also include

$254.64 for electronic legal research. The court finds that plaintiff's costs in the amount of $1,109.40 are not excessive and that they are reasonable considering the duration of this case as well as the complex nature of the legal issues presented.

## III. CONCLUSION

Having carefully reviewed the record in this case regarding the plaintiff's motion for attorney's fees and costs, (Doc. 33), the court will **GRANT IN PART** the motion. The clerk of court will be directed to enter judgment in favor of the plaintiff and against Empire in the amount of $50,000.00 for attorney's fees and $1,109.40 for costs. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: January 22, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0913-01.wpd